Requestor: George A. O'Hanlon, Esq., Village Attorney Village of Port Chester 10 Pearl Street Port Chester, New York 10573
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village, upon the request of a public school, may enforce parking regulations on school property. You have indicated that cars are parked in front of the school building making it impossible for fire vehicles to gain access in the event of a fire and that students are forced to pass between cars into this congested area.
In prior opinions of this office, we have found, in reliance upon section208-a of the General Municipal Law, that the authorities of any city, town, village, county police department or police district may provide crossing guards to protect school children going to and from school and that for these purposes the guards have the power to control vehicular traffic within the municipality. 1988 Op Atty Gen (Inf) 67; 1984 Op Atty Gen (Inf) 116. These opinions, however, did not deal with the enforcement of parking regulations on school property.
The regulation of the use of public highways by motor vehicles is an area that is preempted by the Vehicle and Traffic Law. Vehicle and Traffic Law §§ 1600, 1604; People v Grant, 306 N.Y. 258, 260 (1954). A local government may not enact regulations in conflict with the provisions of the Vehicle and Traffic Law without specific authorization. Vehicle and Traffic Law § 1660.
"Public highway" is defined as any "highway, road, street, avenue, alley, public place, public driveway or any other public way". Id.,
§ 134. "Highway" is defined as the "entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular traffic". Id., § 118.
The term "public highway" does not include within its scope parking lots or areas. 1985 Op Atty Gen (Inf) 121, 122. The Vehicle and Traffic Law provides limited authority for local regulation of private parking areas, driveways and streets, but only in shopping centers and private apartment and condominium apartment complexes. Vehicle and Traffic Law §1660-a.
We have found, however, that a local government may rely upon its grant of local police power to prohibit certain parking on private property and to provide for the issuing of tickets and removal of vehicles. 1986 Op Atty Gen (Inf) 60; 1980 Op Atty Gen (Inf) 176. Similarly, we found that a town may, upon request, regulate parking on the grounds of a State facility. 1985 Op Atty Gen (Inf) 121.
We believe that a village may enact a local law, utilizing its grant of local police power, to enforce parking regulations on school property. The foundation of such a local law is the delegation of authority to a county, city, town or village to enact local legislation to further the government, protection, order, conduct, safety, health and well-being of persons or property in the municipality. Municipal Home Rule Law §10(1)(ii)(a)(12). The local law would be based on a legislative finding by the village that the regulation of parking on school property would promote the public health, safety and welfare. Also, such a local law should be applied uniformly throughout the village, permitting any school, showing the requisite need, to request and obtain assistance from the village.
We conclude that a village, upon the request of a school, may enact a local law authorizing the regulation of parking on school property by village authorities.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.